WILL OF SHAVER: MONSEN and another, Appellants, vs. SHAVER and another, Respondents.

*September 23—October 20, 1925.*

*Wills: Undue influence: Evidence: Sufficiency: Degree of proof required.*

The record in this case is *held* not to disclose that clear, convincing, and satisfactory proof necessary to sustain the finding of the trial court that the execution of the will here involved was procured by undue influence, and the judgment denying the probate of the will is reversed.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Minahan, Minahan & Duquaine* and *J. Victor McCormick,* all of Green Bay, and oral argument by *Mr. McCormick.*

For the respondents there was a brief by *John O. Miller* of Marinette, attorney, and *John J. O'Hara* of Menominee and *Matt F. Bilek* of Marinette, of counsel, and oral argument by *Mr. O'Hara* and *Mr. Miller.*

OWEN, J.  *Adelaide E. Monsen,* executrix nominated in the will of Caroline L. Shaver, deceased, presented the same to the county court of Marinette county for probate. Objections were filed to the probate of the will for the reasons

that the same was not executed in the manner provided by law; that the execution of the will was procured by the exercise of undue influence upon the deceased; and that at the time of the execution of the will the deceased was of unsound mind and had not sufficient capacity to make a will. Thereafter contestants filed a demand for a jury trial, and the county court transferred the proceedings to the circuit court for Marinette county, where a jury was waived and the contest was tried before the court. The issues tried in that court seemed to have been confined to that raised by the objection that the execution of the will was procured by the exercise of undue influence upon the deceased. Upon this issue the circuit court found that the execution of the will was procured by the exercise of undue influence and rendered judgment disallowing and denying the probate of the will. The legatees under the will appealed. Thus the only question presented is one of fact. Many pages could be consumed in detailing the evidence bearing upon the question of whether the execution of the will was procured by undue influence, but to do so would serve no good purpose. Were we to affirm the judgment we should do so without an opinion. It seems, therefore, sufficient for us to say that an examination of the record does not disclose that clear, convincing, and satisfactory proof necessary to sustain the finding that the execution of the will was procured by undue influence, and that the judgment should be reversed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.